IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JANET ANSAH OWUSU,<br><br>    Defendant. | CRIMINAL INDICTMENT<br><br>NO. 1:13-CR-297-AT-GGB |

## FINAL REPORT AND RECOMMENDATION

Defendant Janet Owusu ("Defendant") is charged with importing at least five kilograms of cocaine into the United States from Jamaica and possession of that cocaine with intent to distribute it.  She has filed a Motion to Suppress Evidence [Doc. 16] and a Motion to Suppress Statements [Doc. 17].  Defendant is seeking to suppress cocaine that was found in her luggage by customs officers during a border search that was conducted when Defendant attempted to enter the United States on a flight from Jamaica.  She has agreed that the issues raised in her motion to suppress evidence can be resolved without a hearing.  [Doc. 20].  For the reasons stated below, I **RECOMMEND** that Defendant's Motion to Suppress Evidence be **DENIED**.  Her motion to suppress statements is **DEFERRED** to the District Court.

**I.    FACTS**

The following facts are taken from Defendant's Motion to Suppress and the evidence that was presented at a preliminary hearing before Magistrate Judge Anand.[1] On June 24, 2013, Defendant arrived at the Atlanta airport on a flight from Jamaica, en route to London. In order to change planes, she had to go through a customs checkpoint. At customs, Defendant was sent to the secondary area for inspection. During that inspection, customs officers observed that Defendant's luggage contained thirty-three packages that were labeled as a food mix used to make cookies or muffins. The officers were suspicious of the packages because of the way they were sealed. Officers punctured one or more of the purported food mix packages and extracted some of the contents. Officers tested the samples and determined that the packages contained cocaine. Defendant challenges the search on the ground that there was no search warrant and that the customs officers did not have probable cause or reasonable suspicion for the search.

## II.   **DISCUSSION**

---

[1] A transcript of the preliminary hearing has not been prepared. I listened to the audio recording of the hearing. If Defendant objects to this Report and Recommendation, she must ask that the preliminary hearing be transcribed.

2

It is well-established that routine searches at a United States international border do not require an objective justification, probable cause, or a search warrant. United States v. Montoya de Hernandez, 473 U.S. 531, 538, 105 S.Ct. 3304, 3309, 87 L.Ed.2d 381 (1985); United States v. Flores-Montano, 541 U.S. 149, 152-53, 124 S.Ct. 1582, 1585, 158 L.Ed.2d 311 (2004).  A luggage search is considered a routine search. See United States v. Rice, 635 F.2d 409, 410 (5th Cir. Unit B Jan. 1981)[2] (stating that no articulable suspicion is required to conduct a search of luggage at the border).  Border searches are considered non-routine, and require a reasonable suspicion, only when officers use "highly intrusive" methods "such as a strip search or an x-ray examination." United States v. Alfaro-Moncada, 607 F.3d 720, 729 (11th Cir. 2010).

Here, the puncturing of one or more food packages contained in Defendant's luggage was a routine border search that did not require an articulable suspicion. Other courts have held that customs officers may open bottles and test the contents for narcotics even if there is no reason to suspect that the bottles contain contraband. United States v. Barrow, 448 F.3d 37, 41 (1st Cir. 2006); Ehrlich v. Pennsylvania, Civil Action No. 04-1719, 2004 WL 1918781, at *2-3 (E.D. Pa. Aug. 25, 2004).  The Ninth

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Circuit has upheld the lawfulness of a search where border agents cut open a defendant's spare tire. United States v. Cortez-Rocha 394 F.3d 1115, 1119-20 (9th Cir. 2005). Finally, the Supreme Court held in Flores-Montano that the removal and disassembly of a car's gas tank was a routine border search, and, as such, was lawful despite the absence of any reasonable suspicion. Flores-Montano, 541 U.S. at 155-56, 124 S.Ct. at 1587.

Defendant's case is materially indistinguishable from these precedents. The customs officers' decision to cut open the purported food mix packages was no more intrusive than the bottle openings in Barrow and Ehrlich, the cutting of the spare tire in Cortez-Rocha, or the gas tank disassembly in Flores-Montano. Because the puncturing of the food packages was a routine border search, the officers did not require a warrant, probable cause, or even a reasonable suspicion. See Montoya de Hernandez, 473 U.S. at 538, 105 S.Ct. at 3309; Flores-Montano, 541 U.S. at 152-53, 124 S.Ct. at 1585. Therefore, Defendant's motion to suppress evidence is due to be denied.

### III. CONCLUSION

4

AO 72A
(Rev.8/82)

For the reasons stated above, I **RECOMMEND** that Defendant's Motion to Suppress Evidence [Doc. 16] be **DENIED**. Defendant's Motion to Suppress Statements [Doc. 17] is hereby **DEFERRED** to the District Judge.

There are no pending matters before me, and I am aware of no problems relating to the scheduling of this case for trial. It is therefore **ORDERED AND ADJUDGED** that this action be declared **READY FOR TRIAL**.

It is so **ORDERED** and **RECOMMENDED**, this  7th  day of October, 2013.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)